UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AZRIEL C. FELLNER, in his capacity as the Personal Representative of the Estate of Tamar Etana Fellner, Deceased, | : : : : | |
| Plaintiff | : : | |
| v. | : : | Civil Action No. |
| PHILADELPHIA TOBOGGAN COASTERS, INC., a Pennsylvania Corporation, and KOCH DEVELOPMENT CORPORATION, an Indiana Corporation, | : : : : : : | |
| Defendants. | : : | |

## **COMPLAINT**

Comes now the Plaintiff, Azriel C. Fellner, in his capacity as the Personal Representative of the Estate of Tamar Etana Fellner, Deceased, and for his Complaint against the Defendants herein states as follows:

## **Jurisdiction and Venue**

1.     The Plaintiff, Rabbi Azriel C. Fellner ("Rabbi Fellner" or the "Plaintiff"), is the duly appointed Personal Representative of the Estate of Tamar Etana Fellner, Deceased.

2.     At all times relevant, Rabbi Fellner was a citizen of the state of New Jersey.

3.     At all times relevant, Tamar Etana Fellner ("Tamar" or the "Decedent") was a citizen of the state of New York.

4.     At all times relevant, the Estate of Tamar Etana Fellner, Deceased, was and is proceeding in the state of New York.

5.      Defendant, Philadelphia Toboggan Coasters, Inc. ("PTC"), is a corporation duly organized under the laws of the state of Pennsylvania, with its principal place of business located at 3197 Penn Avenue, Hatfield, Pennsylvania.

6.      Defendant, Koch Development Corporation ("Koch Development"), is a corporation duly organized under the laws of the state of Indiana with its principal place of business located at 452 East Christmas Boulevard, Santa Claus, Indiana.

7.      Koch Development regularly does business under the assumed name of Holiday World.

8.      The jurisdiction of this Court is based upon the complete diversity of citizenship (28 U.S.C. §1332) as between the Plaintiff, a citizen of New Jersey, PTC, a citizen of Pennsylvania, and Koch Development, a citizen of Indiana.

9.      Venue is conferred pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## General Allegations

10.     At all times relevant, PTC has been engaged in the design, manufacture and sale of cars and trains for wooden roller coasters.

11.     At all times relevant, Koch Development owned and operated an amusement park known as Holiday World.

12.     Koch Development operated, among other things, a wooden roller coaster at Holiday World known as "The Raven."

13.     PTC developed, designed, manufactured and sold to Koch Development the cars and trains for The Raven.

2

14.     On May 31, 2003, Tamar Etana Fellner was killed while riding The Raven.  She was ejected from the car in which she was riding and fell to her death.

## COUNT I

## Negligence as to PTC

15.     The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16.     PTC owed a duty to Tamar, and all riders of The Raven for that matter, to design and manufacture "restraints" within the cars of The Raven in such a manner that ejection therefrom during the operation thereof would be impossible.

17.     PTC breached that duty by *inter alia*:

    a.     failing to safely develop, design, manufacture, test, and/or inspect the "restraints" within the cars for The Raven to prevent Tamar's ejection therefrom while riding The Raven;

    b.     failing to provide adequate instructions and warnings regarding the proper use, operation, and maintenance of the equipment described herein; and

    c.     failing to comply with all local, state, and/or federal regulations, ordinances, rules and/or statutes applicable to the manufacture and sale of such cars and trains for wooden roller coasters.

18.     As a direct and proximate result thereof, Tamar was killed.

19.     As a direct and proximate result thereof, the Plaintiff has suffered damages, including, but not limited to, hospital, nursing, medical, funeral and administration expenses, pain and suffering of the Decedent until the time of her death, expectancy income and the loss of the Decedent's love and affection, which are in excess of Seventy Five Thousand Dollars ($75,000.00).

20.     Furthermore, the Plaintiff is entitled to recover punitive damages against PTC as PTC's above-described breach was done through wanton willfulness and/or reckless indifference and was not the result of an honest error or judgment, overzealousness, mere negligence or other known failure.

WHEREFORE, the Defendant demands judgment in its favor and against Defendant, PTC, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, plus punitive damages, and all other relief just and proper in the premises.

## COUNT II

### Negligence as to Koch Development

21.     The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22.     At all times relevant, Koch Development owed Tamar, and all riders of The Raven for that matter, a duty to safely maintain, monitor and administer the operation of The Raven.

23.     Koch Development breached that duty by *inter alia*:

  a.     failing to ensure that Tamar was safely and properly secured by the "restraints" within the car of The Raven in which she was riding;

  b.     failing to properly hire, train, monitor and oversee the ride attendants;

  c.     failing to properly test, inspect, and maintain the safety restraints within the car of The Raven;

  d.     failing to provide proper and adequate warnings regarding use of the The Raven; and

  e.     failing to comply with all local, state, and/or federal regulations, ordinances, rules and/or statutes applicable to the operation of an amusement park ride such as The Raven.

4

24.     As a direct and proximate result thereof, Tamar was killed.

25.     The Plaintiff's damages directly and proximately resulting from Tamar's death include, but are not limited to, hospital, nursing, medical, funeral and administration expenses, pain and suffering of the Decedent until the time of her death, expectancy income and the loss of the Decedent's love and affection, which are in excess of Seventy Five Thousand Dollars ($75,000).

26.     Furthermore, the Plaintiff is entitled to recover punitive damages against Koch Development as Koch Development's above-described breach was done through wanton willfulness and/or reckless indifference and was not the result of an honest error or judgment, overzealousness, mere negligence or other known failure.

WHEREFORE, the Plaintiff demands judgment in its favor and against the Defendant, Koch Development, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, plus punitive damages, and all other relief just and proper in the premises.

## COUNT III

### Strict Liability as to PTC

27.     The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28.     The Raven was developed, designed, manufactured, distributed, leased, sold, and supplied for public use in a condition unreasonably dangerous to perspective users and consumers.

5

29.     The aforementioned product was defective by virtue of PTC's:

    a.     failing to safely develop, design, manufacture, test, and/or inspect the "restraints" within the cars for The Raven to prevent Tamar's ejection therefrom while riding The Raven;

    b.     failing to provide adequate instructions and warnings regarding the proper use, operation, and maintenance of the equipment described herein; and

    c.     failing to comply with all local, state, and/or federal regulations, ordinances, rules and/or statutes applicable to the manufacture and sale of such cars and trains for roller coasters.

30.     As a direct and proximate result thereof, Tamar was killed.

31.     As a direct and proximate result thereof, the Plaintiff has suffered damages, including, but not limited to, hospital, nursing, medical, funeral and administration expenses, pain and suffering of the Decedent until the time of her death, expectancy income and the loss of the Decedent's love and affection, which are in excess of Seventy Five Thousand Dollars ($75,000.00).

32.     Furthermore, the Plaintiff is entitled to recover punitive damages against PTC as PTC's above-described breach was done through wanton willfulness and/or reckless indifference and was not the result of an honest error or judgment, overzealousness, mere negligence or other known failure.

WHEREFORE, the Plaintiff demands judgment in its favor and against the Defendant, PTC, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, plus punitive damages, and all other relief just and proper in the premises.

## Count IV

## Strict Liability as to Koch Development

33.     The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34.     The Raven was developed, designed, manufactured, distributed, leased, sold, and supplied for public use in a condition unreasonably dangerous to perspective users and consumers.

35.     The aforementioned product was defective by virtue of Koch Development's:

a.      failing to ensure that Tamar was safely and properly secured by the "restraints" within the car of The Raven in which she was riding;

b.      failing to properly hire, train, monitor and oversee the ride attendants;

c.      failing to properly test, inspect, and maintain the safety restraints within the car of The Raven;

d.      failing to provide proper and adequate warnings regarding use of the The Raven; and

e.      failing to comply with all local, state, and/or federal regulations, ordinances, rules and/or statutes applicable to the operation of an amusement park ride such as The Raven.

36.     As a direct and proximate result thereof, Tamar was killed.

37.     As a direct and proximate result thereof, the Plaintiff has suffered damages, including, but not limited to, hospital, nursing, medical, funeral and administration expenses, pain and suffering of the Decedent until the time of her death, expectancy income and the loss of the Decedent's love and affection, which are in excess of Seventy Five Thousand Dollars ($75,000.00).

38.    Furthermore, the Plaintiff is entitled to recover punitive damages against Koch Development as Koch Development's above-described breach was done through wanton willfulness and/or reckless indifference and was not the result of an honest error or judgment, overzealousness, mere negligence or other known failure.

WHEREFORE, the Plaintiff demands judgment in its favor and against the Defendant, Koch Development, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, plus punitive damages, and all other relief just and proper in the premises.

## Count V

## Breach of Implied Warranty as to PTC

39.    The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40.    PTC designed, manufactured and sold the cars and trains for The Raven.

41.    PTC impliedly warranted that the cars were reasonably fit for their purpose.

42.    The Raven's cars were not fit for the intended use as warranted, nor were they free from defects, but to the contrary they were in a dangerous and defective condition unreasonably dangerous to prospective users and consumers.

43.    As a direct and proximate result of PTC's breach of warranty, the Plaintiff has suffered damages, including, but not limited to, hospital, nursing, medical, funeral and administration expenses, pain and suffering of the Decedent until the time of her death, expectancy income and the loss of the Decedent's love and affection, which are in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, the Plaintiff demands judgment in its favor and against the Defendant, PTC, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, plus punitive damages, and all other relief just and proper in the premises.

## Count VI

### Breach of Implied Warranty as to Koch Development

44.    The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

45.    Koch Development sold admission to The Raven.

46.    Koch Development impliedly warranted that The Raven was reasonably fit for its purpose.

47.    The Raven was not fit for its intended use as warranted, nor was it free from defects, but to the contrary it was in a dangerous and defective condition unreasonably dangerous to prospective users and consumers.

48.    As a direct and proximate result of Koch Development's breach of warranty, the Plaintiff has suffered damages, including, but not limited to, hospital, nursing, medical, funeral and administration expenses, pain and suffering of the Decedent until the time of her death, expectancy income and the loss of the Decedent's love and affection, which are in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, the Plaintiff demands judgment in its favor and against the Defendant, Koch Development, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, plus punitive damages, and all other relief just and proper in the premises.

9

## Count VII

## Wrongful Death as to Koch Development and PTC

49.     The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants Koch Development and PTC as set forth above, Plaintiff's decedent suffered injuries resulting in her death on or about May 31, 2003.

51.     As a result of the death of Tamar, Plaintiff, Azriel C. Fellner, Personal Representative of the Estate of Tamar Etana Fellner, Deceased, claims on behalf of Azriel and Judith Fellner, Tamar's parents, damages for loss of Tamar's life, society, support, services, wages, aid, assistance, and pecuniary losses suffered by Tamar's parents and such other damages as provided for in the Wrongful Death Act.

WHEREFORE, the Plaintiff demands judgment in its favor and against the Defendants, Koch Development and PTC, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, and all other relief just and proper in the premises.

## Count VIII

## Survival Action as to Koch Development and PTC

52.     The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 51 as if fully set forth herein.

53.     On May 31, 2003, Tamar died as a direct and proximate result of the deliberate, negligent, reckless and/or careless conduct of the Defendants as alleged above.

54.     Pursuant to the Pennsylvania Survival Act, 42 Pa. C.S.A. § 8302, et. seq., the Plaintiff as the Personal Representative of the Estate of Tamar Etana Fellner, Deceased, commences this action against the Defendants, which action could have been commenced by the Decedent had she survived.

55.     As a direct and proximate result of the deliberate, negligent, reckless and/or careless conduct of the Defendants, Plaintiff seeks recovery for damages in the form of compensation for the extreme pain and suffering, humiliation, embarrassment, lost wages, lost earnings and impairment of future earning capacity experienced by Tamar prior to and following her death on May 31, 2003.

56.     Furthermore, the Plaintiff is entitled to recover punitive damages against PTC and Koch Development as their above-described actions were done through wanton willfulness and/or reckless indifference and were not the result of an honest error or judgment, overzealousness, mere negligence or other known failure.

        WHEREFORE, the Plaintiff demands judgment in its favor and against the Defendants, PTC and Koch Development, in an amount to be established by the evidence at the trial of this cause, together with prejudgment interest and the costs of this action, plus punitive damages, and all other relief just and proper in the premises.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully demands trial by jury herein.

Respectfully submitted,

<u>s/Keith W. Vonderahe</u>
Patrick A. Shoulders
Keith W. Vonderahe
Ziemer, Stayman, Weitzel & Shoulders, LLP
P.O. Box 916
Evansville, IN  47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5089
E-mail: kvonderahe@zsws.com

<u>s/Tracy G. Weiss</u>
Robert A. Nicholas
Tracy G. Weiss
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100

Attorneys for Plaintiff