## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AZRIEL C. FELLNER,** | : | |
| **In his capacity as Personal Representative** | : | **CIVIL ACTION** |
| **of the Estate of Tamar Etana Fellner,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PHILADELPHIA TOBOGGAN** | : | **No. 05-2052** |
| **COASTERS, INC. and KOCH** | : | |
| **DEVELOPMENT CORPORATION,** | : | |
| **Defendants.** | : | |

### MEMORANDUM AND ORDER

**Schiller, J.**                                                                **October 18, 2005**

This case arises out of the tragic death of Tamar Etana Fellner resulting from a roller coaster accident at an Indiana amusement park. Defendant Koch Development Corporation ("Koch") owns and operates the amusement park, and Defendant Philadelphia Toboggan Coasters, Inc. ("PTC") designed and manufactured the roller coaster cars. Plaintiff Rabbi Azriel C. Fellner ("Plaintiff"), as the Personal Representative of Ms. Fellner's Estate, brings negligence and strict product liability claims against Defendants. Presently before the Court are Defendants' motions to dismiss. For the reasons that follow, Defendants' motions are granted in part and denied in part, and this case is transferred to the Southern District of Indiana.

### I.       BACKGROUND

On April 29, 2005, Plaintiff brought this wrongful death and survival action against Defendants. (Compl. ¶¶ 50-51, 53-55.) Plaintiff alleges that Ms. Fellner was killed on May 31, 2003, when she was ejected from a wooden roller coaster ride that was negligently designed,

manufactured, and operated by Defendants. (Compl. ¶¶ 14, 16-18, 22-24.) The roller coaster, named the Raven, is located at Holiday World, an amusement park in Santa Claus, Indiana. (*Id*. ¶¶ 6-7, 11-12.) Koch owns and operates both Holiday World and the Raven roller coaster. (*Id*. ¶¶ 11-12.) PTC, a corporation with its principal place of business in Hatfield, Pennsylvania, designed and manufactured the roller coaster cars for the Raven. (*Id*. ¶¶ 5, 13.) Plaintiff asserts negligence, strict liability, and breach of implied warranty claims against Defendants, and seeks compensatory as well as punitive damages. (*Id*. ¶¶ 15-56.)

Plaintiff alleges jurisdiction under 28 U.S.C. § 1332 based on complete diversity of the parties. (*Id*. ¶ 8.) Plaintiff, as Personal Representative of Ms. Fellner's Estate, is a citizen of New York; PTC is a citizen of Pennsylvania; and Koch is a citizen of Indiana. (*Id*. ¶¶ 1, 3, 4.) Defendants seek to dismiss this action based on improper venue, or in the alternative, seek to transfer the case to the Southern District of Indiana.[1] (Mot. to Dismiss of Def. Koch ¶¶ 34-45; Mot. to Dismiss of Def. PTC ¶¶ 10-20.) Additionally, Defendant Koch seeks to dismiss the strict liability and breach of implied warranty claims for failure to state a claim, and Defendants jointly move to strike Plaintiff's request for punitive damages and costs of suit. (Mot. to Dismiss of Def. Koch ¶¶ 46-61; Mot. to Dismiss of Def. PTC ¶¶ 21-26.)

## II.    STANDARD OF REVIEW

In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure

---

[1]In its initial motion, Defendant Koch also sought dismissal based on lack of personal jurisdiction. (Mot. to Dismiss of Def. Koch ¶¶ 13-33.) Defendant Koch has since withdrawn this objection. (Pl.'s Resp. in Opp'n to Def. PTC's Mot. to Dismiss Ex. C; R. at 21 (Oral Arg. Sept. 15, 2005)). Therefore, Koch's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is denied as moot.

12(b)(3), the court must generally accept as true the allegations in the complaint, although the parties may submit affidavits in support of their positions. *See Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (*citing Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor. *See id.*; *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D. D.C. 2003). The Third Circuit has determined that "the movant (the defendant) bears the burden of demonstrating that venue is improper." *Simon v. Ward*, 80 F. Supp. 2d 464, 467 (E.D. Pa. 2000) (*citing Myers*, 695 F.2d at 724). The defendant also bears the burden of establishing that a venue transfer is warranted. *Id.* at 470. Furthermore, "in ruling on defendant's [transfer] motion the plaintiff's choice of venue should not be lightly disturbed." *Id.* (*quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)) (internal citations omitted).

## III.   DISCUSSION

### A.    Proper Venue in This District

Pursuant to 28 U.S.C. § 1406, a court faced with "a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a) (2005). Venue is proper in a diversity case only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." *See* 28 U.S.C. § 1391(a). For venue purposes, a defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

commenced." 28 U.S.C. § 1391(c).

Although the parties focus solely on the propriety of venue under § 1391(a)(2), the Court first considers whether venue is proper in this District under § 1391(a)(1).   As a corporation, Koch is deemed to reside in any judicial district in which it is subject to personal jurisdiction.  *See* 28 U.S.C. § 1391(c).  Because Koch has represented to this Court that it does not contest the Court's personal jurisdiction over it in this matter, the Court need not belabor this point.  (R. at 21.)  The Court finds that Koch is subject to personal jurisdiction in this District, and may be considered a resident of this District for the purpose of assessing proper venue.  Pursuant to § 1391(a)(1), with PTC and Koch both residing in Pennsylvania, venue is proper in this District.  *See* 28 U.S.C. § 1391(a)(1); *see, e.g.*, *George Young Co. v. Bury Bros., Inc.*, Civ. A. No. 03-3353, 2004 WL 1173129, at *7 (E.D. Pa. Apr. 2, 2004); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1128 (W.D. Pa. 1997).

Furthermore, the Court finds that venue is also proper under § 1391(a)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  *See* 28 U.S.C. § 1391(a)(2).  Generally, venue must be proper as to each specific claim, except in "cases in which the claims are parts of the same cause of action."  *Phila. Musical Soc'y, Local 77 v. Am. Fed'n of Musicians of the U.S. and Can.*, 812 F. Supp. 509, 517 (E.D. Pa. 1992); *see also Lomanno v. Black*, 285 F. Supp. 2d 637, 641 (E.D. Pa. 2003).  When the plaintiff seeks relief based upon separate legal theories for a single wrong, the claims constitute one cause of action.  *See Christian Dalloz S.A. v. Holden*, Civ. A. No. 90-0835, 1990 WL 121342, at *2 (E.D. Pa. Aug. 20, 1990) ("Claims can only be characterized as separate causes of action if they do not simply allege a single wrong with two separate grounds for relief.") (*citing Beattie v. United States*, 756 F.2d 91, 100 (D. D.C. 1985); *see also Klauder and Nunno Enters., Inc. v. Hereford Assocs., Inc.*, 723 F. Supp. 336, 341 (E.D. Pa.

4

1989) (describing the issue as "whether the relief sought is 'to put an end to an essentially single wrong, however differently characterized . . .'") (*quoting Hurn v. Oursler*, 289 U.S. 238, 246 (1933)).  Here, Plaintiff asserts multiple claims against Koch and PTC, but only seeks relief arising out of a single injury.  Thus, venue need not be proper as to each claim individually, but only as to the action as a whole.

The Third Circuit has noted that while the events or omissions giving rise to the plaintiff's claims must be substantial to make venue proper, "the statute no longer requires a court to select the 'best' forum."  *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (noting that pre-1990 version of 1391(a)(2) laid venue in district "in which the claim arose," suggesting only one proper district for venue).  "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough.  Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  *Id.*  Yet the statute "does not require a majority of the events take place here, nor that the challenged forum be the best forum for the lawsuit to be venued."  *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 376 (D. N.J. 2000).

According to Plaintiff, the alleged defective design and manufacture of the roller coaster cars, which occurred in this District, constitute a substantial part of the events or omissions giving rise to this claim.  (Pl.'s Resp. in Opp'n to Def. Koch's Mot. to Dismiss at 6.)  The Court agrees that such activities represent a substantial part of the product liability claims Plaintiff asserts.  *See, e.g.*, *Elam v. Ryder Auto Operations*, Civ. A. No. 94-151A, 1994 WL 705290, at *8 (W.D.N.Y. Nov. 1, 1994) (venue proper where design and manufacture of product occurred).  Moreover, as the statute does not require that a majority of the events giving rise to the claims occurred in this District, nor that

this District is the best forum for laying venue, venue is proper in this District. *See Cottman*, 36 F.3d at 294; *Park Inn Int'l*, 105 F. Supp. 2d at 376. Thus, under either provision of § 1391(a), venue is proper in this District, and Defendants' motions to dismiss for improper venue are denied.

**B.      Transfer of Venue to the Southern District of Indiana**

Pursuant to 28 U.S.C. 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). An action may be transferred to another district even if venue is proper where initially brought, provided venue is also proper in the transferee district. *See Simon v. Ward*, 80 F. Supp. 2d 464, 470 (E.D. Pa. 2000). Here, venue would be proper in the Southern District of Indiana pursuant to § 1391(a)(2), because a substantial part of the events or omissions giving rise to Plaintiff's negligence claims occurred at Koch's amusement park in Indiana, the site of the accident. (Compl. ¶¶ 6, 11-12, 22-26.); *see also* § 1391(a)(2).

The venue transfer analysis adopted by the Third Circuit incorporates and elaborates upon the three factors – convenience of parties, convenience of witnesses, and interests of justice – explicitly mentioned in § 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Third Circuit has outlined various private and public interests that are also relevant to the transfer inquiry. *See id.* Private interests include: (1) plaintiff's forum preference; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their relative physical and financial condition; (5) convenience of the witnesses, but only to the extent that witnesses may be unavailable to testify in one forum; and (6) location of books and records, limited to the extent they cannot be produced at alternative forum. *See id.* Public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the

6

trial easy, expeditious, or inexpensive; (3) relative administrative difficulty related to court congestion; (4) local interest in deciding local controversies; (5) public policies of both forums; and (6) familiarity of trial judge with applicable state law in diversity case.  *See id.* at 879-80.

Defendant must show the desirability of transferring venue, and must present evidence upon which the court may rely in justifying transfer.  *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973).  Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties.[2]  *See id.* at 757 n.2.  In this case, the *Jumara* factors weigh strongly in favor of transfer, and Defendants' supplemental submissions support the Court's decision to transfer.

### 1.    *Plaintiff's Choice of Forum*

Generally, "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request," and while "[t]he decision to transfer is in the court's discretion, [ ] a transfer is not to be liberally granted."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Park Inn Int'l*, 105 F. Supp. 2d at 377 ("[U]nless the balance is strongly tipped in

---

[2] The Third Circuit described appropriate evidence in support of a transfer motion as follows:

> Examples of such documents would be a list of the names and addresses of witnesses whom the moving party plans to call and affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate.

*Plum Tree*, 488 F.2d at 757 n.2.

7

favor of the defendant, the plaintiff's choice of forum should not be disturbed.") (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  However, when plaintiff brings suit in a district other than his home state, his venue choice is entitled to less deference.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ("[P]laintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum. . . ."); *see also Horace Mann Ins. Co. v. Nationwide Mutual Ins. Co.*, Civ. A. No. 04-5978, 2005 U.S. Dist. LEXIS 4199, *7 (E.D. Pa. Mar. 17, 2005) (noting that courts grant less deference to plaintiff's choice of forum when plaintiff does not reside in chosen forum).  Here, Plaintiff's choice is entitled to less deference because Pennsylvania is not Plaintiff's home forum: Decedent Tamar Fellner resided in New York, and her Estate is domiciled in New York.[3]  (Compl. ¶¶ 3, 4.)  Accordingly, although Plaintiff's choice of forum weighs against transfer, less significance is accorded to this preference than if Plaintiff's home forum were Pennsylvania.

### 2.  Defendants' Forum Preference

Defendants' forum preference weighs in favor of transfer, as both Koch and PTC desire to litigate this case in Indiana.  (Mot. to Dismiss of Def. Koch ¶¶ 38-45; Mot. to Dismiss of Def. PTC ¶¶ 17-20.)  The issue of where this claim arose weighs slightly in favor of transfer as well.  Despite the fact that the design and manufacture of the roller coaster cars in Pennsylvania support a finding of proper venue in this District, *see supra* Part III.A, the accident itself occurred in Indiana, where the primary witnesses of Ms. Fellner's fatal ride are located.  (Compl. ¶¶ 6,11-12, 14; Mot. to Dismiss of Def. Koch ¶¶ 39-41; Mot. to Dismiss of Def. PTC ¶¶ 5-6.)

---

[3] The Court notes that Plaintiff's personal residence in New Jersey is not relevant to this transfer analysis, as Plaintiff brings this suit as the Personal Representative of Ms. Fellner's Estate.

3.      *Convenience of the Parties*

The convenience of the parties, as indicated by their relative physical and financial condition, and the location of books and records, to the extent they cannot be produced at an alternative forum, are neutral here.  Records and documents may be produced in either forum, and the inconvenience and expense of traveling to an alternate forum for discovery and trial exists for all parties.  ®. at 10-13 (noting personal hardship upon Plaintiff if required to travel to Indiana and business hardship on Defendant Koch if required to travel to Pennsylvania); Supplemental Docs. in Supp. of Mot. to Dismiss of Def. Koch [hereinafter "Suppl. Docs. of Def. Koch"] Ex. 5 (noting hardship and expense to family-run Koch Corporation because Holiday World would likely be shut down during trial due to high number of employees traveling to testify).)

4.      *Public Interests*

The public interests in this case are neutral as well and thus do not significantly impact the transfer analysis.  Plaintiff and Defendants both validly claim that each forum has a strong policy interest in the outcome of the case; Indiana as the site of the accident has an interest based in promoting and monitoring safety in amusement parks within its state, and Pennsylvania as the site of the manufacture of potentially defective products has an interest in monitoring the design, manufacture, and sale of such products.  (Mot. to Dismiss of Def. Koch ¶ 42; Br. in Supp. of Def. PTC's Mot. to Dismiss at 15; Pl.'s Resp. in Opp'n to Mot. to Dismiss of Def. Koch at 6-8.)

5.      *Convenience of Witnesses*

The factor which most strongly supports transfer in this case is the convenience of witnesses, to the extent they would be unavailable to testify at Plaintiff's chosen forum.  This District has noted that "[t]he convenience of witnesses weighs heavily in making a decision regarding a motion

transfer venue," and "[t]o show inconvenience to witnesses, the moving party needs to provide the type of documents set forth in *Plum Tree.*" *Gonzalez v. Elec. Control Sys., Inc.*, Civ. A. No. 93-3107, 1993 WL 372217, at *4 (E.D. Pa. Sept. 17, 1993); *see also Clay v. Overseas Carriers Corp.*, 61 F.R.D. 325, 331 (E.D. Pa. 1973) (noting that while "the required specificity of proof necessary to support a transfer motion" will vary based on the circumstances of each case, some established facts must support movant's conclusory allegations).

In support of their motions, Defendants have submitted appropriate supplemental documentation in the form of affidavits and written and recorded statements, indicating the materiality of testimony by witnesses who would be unavailable if this case proceeded to trial in this District.  (Suppl. Docs. of Def. Koch; Supplemental Docs. in Supp. of Mot. to Dismiss of Def. PTC [hereinafter "Suppl. Docs. of Def. PTC"]); *see also Plum Tree*, 488 F.2d at 757 n.2.  Defendants present at least twelve non-party witnesses who can provide material testimony regarding Ms. Fellner's accident, including:

(1)    Two guests in the parking lot of the amusement park and one summer Koch employee within the park who viewed a woman matching Ms. Fellner's description on the fatal ride prior to her death;

(2)    Three guests who were seated directly in front of Ms. Fellner on the fatal ride, one of whom gave medical care to Ms. Fellner after her fall;

(3)    A former Koch employee responsible for roller coaster maintenance;

(4)    A summer Koch employee who checked Ms. Fellner's coaster seat restraints on the ride Ms. Fellner took immediately prior to the fatal ride;

(5)    A former Koch employee who checked Ms. Fellner's coaster seat restraints on the fatal ride;

(6)    A summer Koch employee who viewed Ms. Fellner's coaster car and seat restraints upon the ride's return to the station after Ms. Fellner's fall;

(7)     An amusement ride inspector from the Division of Fire and Building Safety of the State of Indiana, who inspected Ms. Fellner's roller coaster car after the accident and prepared a report of his findings; and

(8)     The former Marshall of the Santa Claus Police Department, who performed an inspection after the accident, including observations of the roller coaster.

(Suppl. Docs. of Def. Koch Exs. 3A, 3B, 3C, 4D, 4G, 4H, 4K, 4M, 4N; Suppl. Docs. of Def. PTC Exs. A & C.)   Seven of these witnesses completed affidavits indicating that they would not voluntarily appear in this District to testify in this case.  (Suppl. Docs. of Def. Koch Exs. 4D, 4G, 4H, 4K, 4M, 4N; Suppl. Docs. of Def. PTC Ex. C.)  Counsel for Defendants were unable to obtain similar affidavits from the other five witnesses, but included prior written and/or recorded statements from these witnesses.  (Suppl. Docs. of Def. Koch Exs. 3, 3A, 3B, 3C; Suppl. Docs. of Def. PTC Exs. 1 & A.)  Indeed, two of these primary witnesses indicated to Counsel for PTC via telephone that they did not intend to voluntarily give any further statement regarding the incident they observed. (Suppl. Docs. of Def. Koch Ex. 6.)

        With the exception of one witness in Illinois and one in Kentucky,[4] all of these witnesses reside in Indiana (Suppl. Docs. of Def. Koch Exs. 3A, 3B, 3C, 4D, 4G, 4H, 4K, 4M, & 4N; Suppl. Docs. of Def. PTC Exs. A & C), and thus the Court could not compel their attendance in this District. *See* FED. R. CIV. P. 45(b)(2) (federal court's subpoena power over non-party witnesses only extends to persons within judicial district or within a 100-mile radius of courthouse).  These witnesses would, however, be subject to the subpoena power of the district court in the Southern District of Indiana.  *See id.*  As important questions of liability will be addressed by the testimony

---

        [4] The witness who resides in Kentucky is sufficiently close to the Southern District of Indiana's courthouse in Evansville, Indiana to be subject to that court's subpoena power.  (Suppl. Docs. of Def. Koch Ex. 4N); *see also* FED. R. CIV. P. 45(b)(2).

of these non-party witnesses, the interests of justice require their live testimony, which can only be compelled in Indiana.  *See, e.g.*, *Ryer v. Harrisburg Kohl Bros., Inc.*, 307 F. Supp. 276, 280 (S.D.N.Y. 1969) (noting the importance of the location of material witnesses, especially when live testimony is preferable to assess difficult questions of liability).

Plaintiff essentially pursues two distinct theories in this case – a product liability claim against PTC for its design and manufacture of the roller coaster cars and a negligence claim against Koch for its operation of the roller coaster.  (Compl. ¶¶ 15-32.)  The former could be successfully litigated as easily in Indiana as in Pennsylvania, with experts and relatively few PTC principals/employees testifying regarding the design and manufacture of the roller coaster cars.  (Ex. B of Reply Br. in Resp. to Pl.'s Br. in Opp'n to Def. PTC's Mot. to Dismiss (noting that PTC has eleven employees, but only two principals likely to testify, both of whom are willing to travel to Indiana); R. at 37.)  On the other hand, the latter must be litigated in Indiana to ensure a fair and just outcome of the negligence claim against Koch.  The material testimony of numerous non-party witnesses, as documented in Defendants' supporting submissions to the Court, will be crucial to a jury's assessment of Defendant Koch's liability for this tragic accident.  In weighing the *Jumara* factors and considering the interests of justice, the Court finds that transferring this case to the Southern District of Indiana is warranted.  Thus, Defendants' motions to transfer this case are granted.

12

**IV.    CONCLUSION**

For the reasons discussed above, Defendants' motions to dismiss are granted in part and denied in part,[5] and this action is transferred to the Southern District of Indiana.  An appropriate Order follows.

---

[5]Given the Court's decision to transfer this action, the Court need not rule on Defendants' motions to dismiss the strict liability and breach of implied warranty claims and to strike Plaintiff's request for punitive damages and costs of suit, as these matters now fall within the province of the transferee court to resolve.

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AZRIEL C. FELLNER,** | : | |
| **In his capacity as Personal Representative** | : | **CIVIL ACTION** |
| **of the Estate of Tamar Etana Fellner,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PHILADELPHIA TOBOGGAN** | : | **No. 05-2052** |
| **COASTERS, INC. and KOCH** | : | |
| **DEVELOPMENT CORPORATION,** | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

   **AND NOW**, this **18th** day of **October**, **2005**, upon consideration of Defendants' Motions to Dismiss, Plaintiff's responses thereto, Defendants' replies thereon, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant Koch Development Corporation's Motion to Dismiss (Document No. 8) is **GRANTED in part** and **DENIED in part**, as follows:

   a. Motion to dismiss for lack of personal jurisdiction is **DENIED**;

   b. Motion to dismiss for improper venue is **DENIED**;

   c. Motion to transfer venue is **GRANTED**.

2. Defendant Philadelphia Toboggan Coasters, Inc.'s Motion to Dismiss (Document No. 22) is **GRANTED in part** and **DENIED in part**, as follows:

   a. Motion to dismiss for improper venue is **DENIED**;

   b. Motion to transfer venue is **GRANTED**.

3. This case is **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

4.      The Clerk of Court is directed to close this case for statistical purposes.


BY THE COURT:



**Berle M. Schiller, J.**